# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVA PEREZ, ) | |
|           Plaintiff, ) | Case No. 2:15-cv-01553-JAD-NJK |
| vs. ) | ORDER |
| STATION CASINOS LLC, et. al., ) | |
|           Defendants. ) | |

Pending before the Court is the Motion to Stay Proceedings filed by Defendants Station Casinos LLP and NP Texas LLC. Docket No. 24. The Court has considered Defendants' motion, Plaintiff's response, and Defendants' reply. Docket Nos. 24, 26, 28. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2.

Defendants ask the Court to stay the instant proceedings pending the criminal prosecution of Defendant Paul Nelson.[1] *See* Docket No. 24. Defendants submit that their ability to defend themselves in the instant case "is materially prejudiced" by Defendant Nelson's criminal prosecution arising out of the same incident. *Id*. at 2.[2] Defendants submit that they will be negatively impacted in the instant case due to Defendant Nelson's invocation of his Fifth Amendment rights, and that Plaintiff will not be prejudiced by a stay of proceedings. *Id*. at 6. As Defendant Nelson's criminal trial is set to commence

---

[1] Plaintiff's complaint in the instant case arises out of Defendant Nelson's alleged sexual assault of her on May 12, 2015. Docket No. 1 at 5-7. At the time of the alleged incident, which began at the Texas Station, Defendant Nelson and Romano were employed by Defendant Station Casinos. *Id*. at 2-3.

[2] The parties agree that, as the instant case relates to Defendant Nelson, it is subject to the automatic stay provisions of 11 U.S.C. § 362, as he filed a Chapter 7 Bankruptcy Petition on November 5, 2015. Docket No. 24 at 2, n.2; Docket No. 26 at 2-3.

on May 17, 2016, Defendants therefore submit that a 6-month stay of proceedings in the instant case is appropriate. *Id*. at 9.

In response, Plaintiff submits that the case should not be stayed, as only one of the defendants in the instant case has a parallel criminal proceeding, not all of them. Docket No. 26 at 6. Plaintiff contends that "the lion's share" of discovery and pretrial preparation in the instant case can easily be completed without posing any sort of risk to Defendant Nelson's Fifth Amendment rights, particularly regarding her FMLA claims. *Id*. at 5, 7. Plaintiff further submits that she has a strong interest in prosecuting the instant case as quickly as possible; allowing the case to proceed will not impose any additional burden on Defendants; and allowing the case to proceed would be more efficient to the Court's schedule than staying it. *Id*. at 7-10.

In reply, Defendants contend that they are the ones who pointed out that Plaintiff's FMLA claims are unrelated to her tort claims, and that discovery could therefore proceed on these issues. Docket No. 28 at 2. Defendants submit that they have already "made clear their intent to produce much of this information as part of their Initial Disclosures - even if a stay is entered - so that the parties can use the information in preparation for conducting more efficient discovery after the requested stay is lifted." *Id*. at 3. Defendants further submit that the reason this discovery has not already been produced to Plaintiff is because Plaintiff's counsel has not yet responded to Defendants' draft Stipulated Confidentiality Order first provided to Plaintiff's counsel in October 2015, despite several requests for such response from Defendants' counsel. *Id*. at 3, 8. Finally, Defendants submit that, as Plaintiffs claims against them in the instant case are largely premised on Defendant Nelson's alleged conduct, his Fifth Amendment rights will impact Defendants' discovery efforts, most likely causing the parties to have to engage in re-deposing witnesses and re-sending written discovery after receiving Defendant Nelson's testimony and other materials once his Fifth Amendment rights are no longer implicated. *Id*. at 5-6.

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

"While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved, such parallel [or related] proceedings are unobjectionable[.]" *SEC v. Dresser Inds., Inc.*, 628 F.2d 368, 1374 (D.C. Cir. 1980). Nonetheless, courts may exercise discretion to stay civil proceedings when the interest of justice so requires. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

A court must determine whether to stay civil proceedings in the face of a parallel criminal action in light of "the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902. A court must first consider "the extent to which the defendant's fifth amendment rights are implicated." *Id*. In addition, a court must consider the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 903.

The Court finds that, while Plaintiff states that she has an interest in proceeding expeditiously, her actions, or lack thereof, in regard to the proposed confidentiality order seem to indicate the opposite. Additionally, the Court finds that the potential prejudice to Plaintiff of the sort of brief delay requested by Defendants is low. Further, engaging in the type of duplicative discovery that is certain to occur once Defendant Nelson's Fifth Amendment rights are no longer implicated would place a significant burden on Defendants, and on the Court's docket as well, considering the unknown number of deadlines that would have to be extended once Defendants know which discovery would have to be duplicated.

Finally, the Court finds that the interest of the public in the criminal litigation is greater than that of the public in the civil litigation.

Based on the foregoing, and good cause appearing therefore,

**IT IS ORDERED** that Defendants' Motion to Stay Proceedings, Docket No. 24, is **GRANTED**. This matter is stayed in its entirety until August 8, 2016.

**IT IS FURTHER ORDERED** that, beginning May 17, 2016, the parties must file a joint status report every 30 days, updating this Court on the status of the parallel criminal proceeding against Defendant Nelson.

**IT IS FURTHER ORDERED** that, within seven days of resolution of the parallel criminal proceeding against Defendant Nelson, should it be resolved prior to August 8, 2016, the parties shall file notice of such resolution with this Court.

**IT IS FURTHER ORDERED** that, in light of this order, the parties' proposed joint discovery plan, Docket No. 27, is **DENIED** without prejudice. No later than August 15, 2016, the parties shall file a new proposed joint discovery plan.

IT IS SO ORDERED.

DATED: February 8, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge