UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eva Perez, | 2:15-cv-01553-JAD-NJK |
| Plaintiff | **Order Overruling Plaintiff's Objections to Magistrate Judge Koppe's Order Staying Proceedings** |
| v. | |
| Station Casinos LLC, et al., | **[ECF No. 30]** |
| Defendants | |

Eva Perez sues Paul Nelson and others for allegedly drugging and sexually assaulting her.[1] On February 8, 2016, Magistrate Judge Koppe stayed Perez's civil action pending Nelson's criminal trial and bankruptcy. Perez objects to Judge Koppe's order, arguing that her unrelated claims under the Family Medical Leave Act (FMLA) should proceed, Judge Koppe's order was based on an incorrect factual assumption, and Judge Koppe stayed discovery to avoid duplicative discovery without specifying what discovery would be duplicated. Because Judge Koppe's ruling is neither clearly erroneous nor contrary to law, I overrule Perez's objections.

**Discussion**

**A.   Standard of review**

A district judge reviews non-dispositive determinations made by a magistrate judge under a clearly erroneous or contrary-to-law standard.[2] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[3] Review of legal conclusions to determine whether

---

[1] ECF No. 1 at ¶ 38.

[2] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1 ("A magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A).").

[3] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r Internal Rev. Ser'v*, 979 F.2d 1369, 1370 (9th Cir. 1992).

they are "contrary to law" is de novo.[4]

**B.     Analysis**

Perez's objections are overruled. Her first argument—that the parties agree that her FMLA claim should proceed—misrepresents the record. In their reply to Perez's opposition to their motion to stay, defendants argued that discovery regarding Perez's FMLA claim should proceed "[i]n the event the Court is not inclined to grant a stay."[5]

Perez's second argument—that the order is based on the incorrect assumption that Perez delayed filing a discovery plan and scheduling order—is inconsequential. Even if I were to assume that Judge Koppe incorrectly found that Perez delayed filing a discovery plan and scheduling order, that issue is only relevant to one of the five factors she applied. And that alone would be insufficient to leave me with a "definite and firm conviction that a mistake has been committed."[6]

I am also unpersuaded by Perez's third argument, which asserts that Judge Koppe erred by stating that a stay would prevent duplicative discovery without specifying what discovery would be duplicated. The potential duplicative discovery is clearly laid out in Judge Koppe's order: Nelson is being prosecuted for the same assault that Perez alleges here. If discovery were to proceed here, Nelson would likely invoke his Fifth Amendment right and require Perez to conduct additional discovery after his criminal trial ends.

Accordingly, IT IS HEREBY ORDERED that plainitff Eva Perez's objections **[ECF No. 30]** **are OVERRULED.**

Dated this 26th day of May, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).

[5] ECF No. 28 at 8–9.

[6] *U.S. Gypsum Co.*, 333 U.S. at 395.