UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eva Perez,<br><br>    Plaintiff<br><br>v.<br><br>Station Casinos LLC, et al.,<br><br>    Defendants | Case No.: 2:15-cv-01553-JAD-NJK<br><br>**Order Granting in Part Motion for Summary Judgment and to Show Cause**<br><br>[ECF No. 56] |

After her shift as a cocktail waitress at the Texas Station casino ended, plaintiff Eva Perez took the edge off with a few hours of gambling, drinking, and prescription drugs.[1] Her co-workers wouldn't let her drive herself home,[2] so Perez eventually caught a ride home with her co-worker/bartender, Paul Nelson.[3] But he didn't take her straight home.[4] Instead, he took her back to his apartment to walk his dog and smoke some marijuana.[5] Perez passed out after she smoked,[6] and while she was in and out of consciousness, she contends, Nelson raped her.[7]

Perez now sues Station Casinos LLC, its wholly owned subsidiary NP Texas LLC, Paul Nelson, and Nicholas Romano (a security guard) for three variants of negligence, interference and retaliation under the Family & Medical Leave Act (FMLA), and false imprisonment.[8] Nelson filed for bankruptcy, and Perez's claims against him were discharged.[9] The two LLCs

---

[1] ECF Nos. 68-6 at 106–107 (gambling and drinking); 68-8 (drinks); 68-11 (drugs).

[2] ECF No. 68-6 at 108.

[3] *Id.* at 113.

[4] *Id.* at 118.

[5] *Id.* at 118–20.

[6] *Id.* at 120.

[7] *Id.* at 127–28.

[8] ECF No. 1.

[9] ECF No. 57.

1

now move for summary judgment on all of Perez's claims against them.[10]  I find that the LLCs are entitled to summary judgment on Perez's negligence, FMLA-retaliation, and false-imprisonment claims, but genuine issues of material fact preclude summary judgment on her FMLA-interference claim.  So, I grant the LLCs' motion in part and send the parties to a mandatory settlement conference.

## Discussion

**A.     Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[11]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[12]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[13]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[14]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; she "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[15]

---

[10] ECF No. 56.  Romano has been absent from this litigation even though his summons was returned executed.

[11] *See Celotex Corp. v. Catreet*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[12] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[13] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[15] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

**B.     The LLCs are entitled to summary judgment on Perez's negligence claims.**

Perez alleges claims for three types of negligence: (1) common-law negligence; (2) negligent hiring, training, retention, and supervision; and (3) negligent performance of an undertaking. In Nevada, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."[16] Likewise, "[t]o succeed on a claim for negligent hiring, retention, and supervision of employees, a plaintiff must establish that: (1) defendant owed a duty of care to the plaintiff; (2) defendant breached that duty by hiring, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities; (3) the breach was the cause of the plaintiff's injuries; and (4) damages."[17]

The negligent-performance-of-an-undertaking claim is derived from the common law and best described in the Second Restatement of Torts, which explains:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking if: (a) his failure to exercise reasonable care increases the risk of such harm or (b) he has undertaken to perform a duty owed by the other to the third person or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.[18]

In essence, negligent performance of an undertaking happens when a defendant owed no natural, legal duty of care, but opted to take on that duty, did so negligently, and caused the plaintiff to

---

[16] *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

[17] *Peterson v. Miranda*, 991 F. Supp. 2d 1109, 1118 (D. Nev. 2014) (citing *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996)).

[18] *Restatement (Second) of Torts* § 324A (1979).

3

suffer injury. For all three of these theories, the plaintiff must prove that the defendant's negligence was the proximate cause of her injury.[19]

"Proximate cause is any cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred."[20] "An intervening act will only be superseding and cut off liability if it is unforeseeable."[21] "To determine whether an intervening cause is foreseeable, [Nevada courts consider] several factors" outlined by the Nevada Supreme Court in *Bower v. Harrah's Laughlin*[22]: whether (1) "the intervention causes the kind of harm expected to result from the actor's negligence, (2) the intervening event is normal or extraordinary in the circumstances, (3) the intervening source is independent or a normal result of the actor's negligence, (4) the intervening act or omission is that of a third party, (5) the intervening act is a wrongful act of a third party that would subject him to liability, and (6) the culpability of the third person's intervening act."[23] A third party's crimes and intentional torts are usually intervening, superseding causes,[24] unless the crimes and intentional torts are foreseeable.[25]

The LLCs argue that they are entitled to summary judgment on Perez's negligence claims because Nelson's crimes and intentional torts were unforeseeable and were thus intervening, superseding causes that severed their liability.[26] Perez counters that the facts and circumstances

---

[19] *Dow Chemical Co. v. Mahlum*, 970 P.2d 98, 107, 109 (Nev. 1998); *see also Sims v. General Telephone & Electric*, 815 P.2d 151, 156–57 (Nev. 1991) (discussing actual causation and legal (proximate) causation as the two necessary subcomponents of a causation element).

[20] *Taylor v. Silva*, 615 P.2d 970, 971 (Nev. 1980) (quoting *Mahan v. Hafen*, 351 P.2d 617, 620 (Nev. 1960); *Drummond v. Mid-West Growers*, 542 P.2d 198 (Nev. 1975).

[21] *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 724 (Nev. 2009)

[22] *Id.*

[23] *Id.* at 725.

[24] *Id.*

[25] *Anderson v. Mandalay Corp.*, 358 P.3d 242, 248 (Nev. 2015).

[26] ECF No. 56 at 13, 18. Because the proximate-cause issue disposes of these three claims, I need not—so I do not—address the LLCs' other arguments.

4

of this case made Nelson's actions foreseeable.[27] The LLCs primarily support their position with *Wood v. Safeway, Inc.*,[28] and Perez supports hers with *Anderson v. Mandalay Corp.*[29] Comparing those two cases to the facts of this case is helpful.

In *Wood*, Safeway had hired Action Cleaning—an outside cleaning company—to clean its grocery store, and Emilio Ronquillo-Nino was one of Action Cleaning's janitors.[30] Emilio raped Jane Doe, a mentally handicapped Safeway employee, on three separate occasions and ultimately got her pregnant.[31] Doe, through her guardian ad litem, sued Safeway and Emilio's direct employer under various negligence and other tort theories.[32]

The defendants here, Action Cleaning moved for summary judgment, arguing that Emilio's "intervening criminal acts were a superseding cause precluding liability."[33] Doe argued that Emilio's sexual assault was foreseeable because Action Cleaning's "workforce is highly transient and not adequately trained or supervised, and because much of [the] workforce, including [Emilio], are illegal aliens."[34] The Nevada Supreme Court found this argument without merit, and that the sexual assaults were not reasonably foreseeable.[35] The Court reasoned that Emilio "had no prior criminal history in the United States or Mexico," Action Cleaning performed thorough background checks on its employees, and Action Cleaning "had not received complaints of sexual harassment regarding [Emilio] or any other employee in the

---

[27] ECF No. 64 at 14.

[28] *Wood v. Safeway, Inc.*, 121 P.3d 1026 (Nev. 2005).

[29] *Anderson v. Mandalay Corp.*, 358 P.3d 242 (Nev. 2015).

[30] *Wood*, 121 P.3d at 1028.

[31] *Id.* at 1029.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 1036.

[35] *Id.*

5

past ten years."[36] So, the Nevada Supreme Court found that Action Cleaning's negligence—if any—was not the proximate cause of Doe's injuries and affirmed summary judgment for Action Cleaning.

The Nevada Supreme Court reached the opposite conclusion in *Anderson v. Mandalay Corp.* Anderson visited Las Vegas for a trade show and stayed at the Mandalay Bay hotel.[37] After a long day of work and socializing over dinner and drinks, Anderson returned to her room and went to sleep.[38] Security cameras showed Anderson riding the elevator with Alonzo Gonzalez, a housekeeping staff member, who exited the elevator with her.[39] At some point that night, Anderson "woke up vomiting and felt someone wiping her face with a washcloth."[40] That someone was Gonzalez, and he had raped her while she was unconscious.[41]

The Nevada Supreme Court distinguished *Anderson* from *Wood* and concluded that a reasonable jury could find that Gonzalez's criminal conduct was foreseeable. The Court focused on several pieces of evidence that were missing in *Wood*: (1) "at least five Mandalay employees had sexually assaulted guests and coworkers before Gonzalez attacked Anderson"; (2) "Mandalay knew employees entrusted with keyed access to occupied rooms abused that access to commit property crimes"; (3) "Mandalay had notice its employees were capable of sexual assault, and some employees abused their keycard access to enter guest rooms without authorization"; (4) "Mandalay suspended Gonzalez for 31 days in response to allegations that he harassed and threatened a female supervisor"; and (5) "[a]fter Gonzalez's suspension ended,

---

[36] *Id.* at 1037.

[37] *Anderson*, 358 P.3d at 244.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

6

Mandalay restored his keycard access to occupied rooms and assigned him to a shift with minimal supervision."[42]

This case is more like *Wood* than *Anderson*: there is no evidence suggesting that Nelson's rape of Perez was foreseeable. Perez was raped after hours at Nelson's private home.[43] Nelson had no criminal history, and the only disciplinary actions in his personnel file were for attendance and an incident with a gag noise-making device that occurred many years earlier.[44] A reasonable jury would not find that rape is a foreseeable act from those infractions. There is also no evidence that other Station Casino employees sexually assaulted guests or coworkers.[45] Perez offers evidence that security guard Romano had been disciplined on multiple occasions, but the discipline was due to his communication skills (or lack thereof) and not because of sexual assault or harassment.[46] Nevertheless, Perez left with Nelson, not Romano.[47]

Applying the factors from *Bower v. Harrah's Laughlin, Inc.* to these facts makes the point even more clear. Perez argues that the LLCs were negligent for: having improper policies, practices, and procedures in place for handling intoxicated guests; allowing Nelson to overserve her alcohol; letting Romano escort her to Nelson's car so Nelson could drive her home; and providing Nelson "with unsupervised access to Perez."[48] But, even if the LLCs were negligent in any of these ways, Nelson's intervening acts of diverting the trip to take Perez back to his apartment, giving her marijuana, and sexually assaulting her are not expected results. The

---

[42] *Id.* at 246.

[43] ECF No. 68-6 at 127–28.

[44] ECF Nos. 56-4, 68-4.

[45] Perez argues that Station Casinos unilaterally limited the scope of her FRCP 30(b)(6) depositions, preventing her from getting this evidence, so I should deny the summary-judgment motion to allow her an opportunity to collect it. ECF No. 64 at 21. The time for discovery and related motions has long since passed. ECF No. 45. If Perez wanted to collect this evidence, she should have filed a motion to compel. I do not consider her failure to collect discovery a reason to deny the LLCs' summary-judgment motion now.

[46] ECF No. 68-5.

[47] ECF No. 68-6 at 113.

[48] ECF No. 64 at 11–14.

7

intervening acts were extraordinary under the circumstances. Nelson was a third party whose wrongful, illegal acts were independent from his employment at Texas Station and in no way foreshadowed to the LLCs.

Although I recognize that sexual assault is not unforeseeable in all circumstances, there is simply no evidence suggesting that Nelson's crimes were foreseeable to the LLCs here. I find that Nelson's acts were intervening and superseding, and severed the LLCs' liability. So, I grant the LLCs' motion for summary judgment on all three of Perez's negligence claims.

**C.  The LLCs are entitled to summary judgment on Perez's FMLA-retaliation claim.**

Perez alleges two FMLA-based claims: one for interference and one for retaliation. The LLCs argue that Perez's retaliation claim "is really a disguised version of her" interference claim.[49] The LLCs ask me to construe this as a redundant claim because, "[w]hile Ms. Perez phrases her claim as one of retaliation and discrimination, her essential allegation is that she suffered adverse employment actions for taking FMLA leave. At no point does Ms. Perez assert that she opposed any practice made unlawful by the FMLA, as would be required for a retaliation claim under Section 2615(a)(2)."[50]

Perez fails to oppose this argument. With no evidence that Perez opposed a practice made unlawful by the FMLA, she cannot prove her retaliation-based claim. So, I grant summary judgment for the LLCs on it.

**D.  Genuine issues of material fact preclude summary judgment on Perez's FMLA-interference claim.**

The FMLA "makes it unlawful for an employer to 'interfere with, restrain, or deny the exercise of' rights granted by it, and violators are subject to consequential damages and appropriate equitable relief."[51] But even if an employee proves that her employer interfered

---

[49] ECF No. 56 at 21 n.6.

[50] ECF No. 56 at 21 (quoting *Shepard v. City of Portland*, 829 F. Supp. 2d 940, 953 (D. Or. 2011) (citing *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001))).

[51] *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 86–87 (2002) (citing 29 U.S.C. §§ 2615(a)(1) and 2617(a)(1)).

8

with, restrained, or denied her exercise of FMLA rights, the Act "provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained 'as a direct result of the violation,' and for 'appropriate' equitable relief, including employment, reinstatement, and promotion."[52]

The LLCs argue that, even if Perez can demonstrate that they violated the FMLA—which, they attest, she can't do—her claim still fails because she cannot prove that she suffered any economic damages.[53] Perez responds that she need only prove $1 in damages to survive summary judgment, which she suffered when she had to go to Texas Station during her FMLA leave and participate—without pay—in the investigation into her claim that Nelson raped her.[54] The LLCs reply that Perez failed to disclose a calculation of her damages as required by Federal Rule of Civil Procedure 26, so I should exclude as untimely and ignore any calculation that she presents now.[55]

Perez did provide a Rule 26 computation-of-damages disclosure, though,[56] and although the $75,000 ball-park estimate is suspect, I decline to impose the sanction that the LLCs request. It is undisputed that Perez was not paid for the time she spent helping with Texas Station's investigation, but neither party offers any authority that Perez was or was not entitled to payment for that time. If Perez was entitled to payment, then she may be able to prove her FMLA-interference claim if she can also prove that required appearance at work during leave constitutes interference.[57] Because there is a genuine issue of material fact regarding Perez's damages from the LLCs' FMLA interference, I deny the LLCs' summary-judgment motion on this claim.

---

[52] *Id.* (internal citations omitted).

[53] ECF No. 56 at 21.

[54] ECF No. 64 at 19–21.

[55] ECF No. 69.

[56] ECF No. 56-17 at 7.

[57] The parties don't seriously address whether the LLCs violated the FMLA. This issue will need to be addressed later, but for now, I assume—without deciding—that they did violate it.

9

**E.  The LLCs are entitled to summary judgment on Perez's false-imprisonment claim.**

Perez also sues the LLCs for false imprisonment, alleging that "Station Casinos, by the actions of its employee Romano, specifically, by Romano's refusal to return Perez' [sic] keys to her so that she could leave the property, intentionally confined Perez to the Texas Station without her permission and against her will."[58] "False imprisonment occurs when an actor (1) intends to confine a person within boundaries fixed by the actor; (2) does so confine the person; and (3) the person is conscious of the confinement or is harmed by it."[59]

The LLCs move for summary judgment, arguing that Perez was never confined to Texas Station and was free to leave—just not behind her own steering wheel.[60] Romano, they assert, "offered Ms. Perez multiple options to leave the premises" like Uber, a taxi, or some other public-transportation service.[61] The LLCs also point out that Perez could have called her husband for a ride or simply walked out of the casino.[62] Perez counters that there's a genuine issue of material fact whether she was confined because "she requested multiple times for Nelson and Romano to call her husband . . . to come pick her up, but Nelson and Romano refused."[63]

But it's undisputed that Perez had other means of leaving the casino. Perez doesn't dispute that Romano offered to call her a taxi, ride-share service, or some other form of transportation.[64] She may not have been able to drive herself home, and Romano may not have

---

[58] ECF No. 1 at 19.

[59] *See, e.g.*, *Lucatelli v. Texas De Brazil (Las Vegas) Corp.*, 2012 WL 1681394, at *6 (D. Nev. May 11, 2012) (citing *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967) and *Restatement (2d) of Torts* § 35 (2011)).

[60] ECF No. 56 at 19–21.

[61] ECF No. 56 at 20; ECF No. 68-9 at 4.

[62] *Id.*

[63] ECF No. 64 at 19. Perez tried to call her husband herself but was too drunk to dial his number. ECF No. 68-6 at 109 (107:5–9 of the transcript).

[64] Although the LLCs don't argue it, these undisputed facts also invalidate the intent element of Perez's false-imprisonment claim. If Romano offered to call some form of public transportation for Perez, then he clearly had no intention of confining her to the casino. And if he had no intention of confining her, then she can't prove a false-imprisonment claim.

10

called her husband, but Perez wasn't prevented from leaving the casino. Because Perez had other alternatives available to her, she was not confined to the casino.[65] Accordingly, I grant summary judgment for the LLCs and against Perez on this false-imprisonment claim.

**F.     Perez is ordered to show cause why her claims against Romano shouldn't be dismissed with prejudice.**

Perez asserts three of her claims against Romano: (1) negligence; (2) negligent performance of an undertaking; and (3) false imprisonment. Now that I've concluded that Nelson's actions were intervening, superseding causes and that Perez was not confined to Texas Station, it appears that Romano is not liable for any of Perez's claims. I am therefore inclined to dismiss these claims against him with prejudice. But before I do that, I grant Perez the opportunity to show cause why I shouldn't.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the LLCs' motion for summary judgment **[ECF No. 56] is GRANTED in part and DENIED in part**. Perez's sole surviving claim against the LLCs is her FMLA-interference claim; all other claims are adjudicated in favor of the LLCs and against Perez.

IT IS FURTHER ORDERED that Perez has **until August 31, 2018, to SHOW CAUSE why the claims against Romano shouldn't be dismissed with prejudice.**

IT IS FURTHER ORDERED that **this case is REFERRED to a magistrate judge to schedule a MANDATORY SETTLEMENT CONFERENCE**.

Dated: August 8, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[65] *See, e.g., Sharp v. Cleveland Clinic*, 891 N.E.2d 809, 814 (Oh. Ct. App. 2008) (affirming finding that plaintiff, who was a registered nurse suspected of stealing and abusing prescription drugs, was not confined by her employer for prohibiting her from driving her car off the premises).